IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| EXPERIENCE BASED LEARNING, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 3:07-cv-50217 |
| CHARLIE ALEXANDER, a citizen of Colorado, | ) ) ) ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT**

Plaintiff, EXPERIENCE BASED LEARNING, INC., by its attorneys, Reno & Zahm LLP, as and for its Amended Complaint against the Defendant, CHARLIE ALEXANDER, a citizen of Colorado, states and alleges as follows:

**Jurisdiction and Venue**

1. The jurisdiction of this court is pursuant to 28 USC § 1332.

2. The Plaintiff, EXPERIENCE BASED LEARNING, INC. (hereinafter "EBL"), provides installation, consultation, training and maintenance services for zip line and canopy tours, is incorporated under the laws of Illinois and has its principal place of business in Winnebago County, Illinois.

3. The Defendant, CHARLIE ALEXANDER (hereinafter "ALEXANDER"), is a resident of and a citizen of the State of Colorado and is an owner of Zip Adventures, Inc. which owns and operates Zip Adventures of Vail in Avon, Colorado.

4. The amount in controversy in this matter exceeds $75,000.

5. Venue is proper based on the venue selection clause in the Service & Confidentiality Agreement entered into by EBL and ALEXANDER on August 29, 2005. A true and correct copy of the Service & Confidentiality Agreement is attached hereto and made a part hereof as Exhibit A.

**Count I - Breach of Contract**

1. EBL is the premier and first installer of zip line tours in the United States. EBL is also the first peer reviewed and accredited zip line tour installer in the United States. EBL has consulted on, installed, and designed zip line tours domestically and internationally.

2. On or about March 2005, ALEXANDER contacted Steve Gustafson (hereinafter "Gustafson"), President of EBL, regarding EBL's installation services for a zip line tour near Vail, Colorado.

3. From about April 10, 2005 to April 12, 2005 Gustafson visited ALEXANDER's proposed canopy tour site near Vail, Colorado, referred to as the "Beano Cabin" site. This site visit included Gustafson walking the proposed area of the canopy tour to select and evaluate trees, measuring distances and heights for the zip line, surveying the topography, assisting in the design of the course, and consulting with ALEXANDER on the details of the project.

4. On August 29, 2005, EBL and ALEXANDER entered into the Service & Confidentiality Agreement which provided ALEXANDER and one of his staff the opportunity to attend an EBL zip line tour installation.

5. The Service & Confidentiality Agreement allowed ALEXANDER and his staff member to "become familiar with the workings and protected details of a zip line tour installation project," including access to "EBL staff, EBL clients, material selection, construction design, rational, tensions, calculations, decision rational, and any and all other information and materials, specific to [EBL's] line of business."

6. From August 29, 2005 to September 12, 2005, ALEXANDER and one of his staff attended an EBL installation of a zip line tour in Hawaii per the Service & Confidentiality Agreement. At that time, ALEXANDER and his staff member were provided by EBL with confidential and proprietary information regarding the installation, operation, and marketing of zip line tours.

7. During 2005, Gustafson advised ALEXANDER on how to obtain insurance and assisted ALEXANDER in contacting an insurer with which EBL had a relationship.

8. On or about October 31, 2005, Gustafson sent a letter to the Eagle County Planning Commission on behalf of ALEXANDER and Zip Adventures of Vail in support of ALEXANDER's permit for a zip line course near Vail, Colorado.

9. On or about May, 25, 2006, ALEXANDER asked Gustafson for information to assist him in obtaining approval from the Colorado Division of Wildlife.

10. Throughout the preparation for the zip line tour installation, EBL shared confidential information and technical requirements for the installation of zip lines with ALEXANDER, including calculations, construction designs, diagrams, and advice on material selection.

11. ALEXANDER used EBL's name, experience, reputation, and knowledge of zip line tour installation between late 2005 and early 2007, to obtain permits, receive regulatory approval, and obtain insurance.

12. At ALEXANDER's request, on or about May 11, 2007 or May 12, 2007, Gustafson traveled to and visited a different proposed zip line site near Vail, Colorado, referred to as the "4 Eagle Ranch" site. This site visit included Gustafson walking the proposed area of the zip line tour,

positioning and re-position stakes, marking the location of zip lines, and consulting with ALEXANDER on the details of the project.

13. On May 22, 2007, Gustafson sent ALEXANDER a proposal and a Contract/Service Agreement for the work to be performed by EBL at the 4 Eagle Ranch site. The proposal and the Contract/Service Agreement quoted the price for installation of $118,883.35, plus 5% of gross receipts, and payment of certain expenses.

14. ALEXANDER did not execute the Contract/Service Agreement.

15. ALEXANDER caused the installation of a zip line tour at the 4 Eagle Ranch site and in doing so retained vendors to assist him, including a vendor to inspect the course and train his staff for operations. However, ALEXANDER did not retain EBL as a vendor for the installation of the zip line tour at the 4 Eagle Ranch site.

16. ALEXANDER used EBL's confidential information and other technical information shared by EBL to install its zip line tour at the 4 Eagle Ranch site with another vendor.

17. EBL performed all its obligations under the Service & Confidentiality Agreement.

18. Defendant ALEXANDER breached the contract by one or more of the following:

   a. ALEXANDER hired a vendor other than EBL for the installation of a zip line tour within three years of the execution of the contract;

   b. ALEXANDER shared confidential information obtained from EBL with a competitor of EBL within three years of the execution of the contract; and

   c. ALEXANDER utilized confidential information obtained from EBL to install the zip line tour at the 4 Eagle Ranch site.

WHEREFORE, Plaintiff, EXPERIENCE BASED LEARNING, INC., respectfully prays that this Court:

A. Enter judgment against Defendant CHARLIE ALEXANDER in an amount not less than $75,000.00 for breach of contract, and

B. Provide any other relief which is just and equitable.

### Count II - Quantum Meruit

1.-11. The Plaintiff, EXPERIENCE BASED LEARNING, INC., restates and re-alleges paragraphs 1-11 of Count I as and for paragraph 1-11 of Count II as though fully set forth herein.

12. In March, 2007, after providing Gustafson with an update on regulatory approval, ALEXANDER confirmed that he believed construction in June was feasible.

13. Thereafter, EBL continue to expend resources to prepare for construction.

14. At ALEXANDER'S request, on or about May 11, 2007 to May 12, 2007, Gustafson traveled to and visited a second site near Vail, Colorado, the 4 Eagle Ranch site. This site visit included Gustafson walking the proposed area of the zip line tour; positioning and re-position stakes; marking the location of zip lines; measuring distances, degrees, angles, and grade percentages; marking line placements; advising on operations, tour flow, and trail systems; and consulting with ALEXANDER on the details of the project.

15. ALEXANDER never fully compensated EBL for Gustafson's site visit to the proposed 4 Eagle Ranch site. ALEXANDER only paid for Gustafson's air transportation to and from the site visit. ALEXANDER did not compensate EBL for Gustafson's consultation or reimburse him for the balance of his out of pocket expenses.

16. ALEXANDER never compensated EBL for the assistance it provided during the regulatory process, for the technical information it provided in anticipation of installing the zip line tour for ALEXANDER, or for the assistance it provided that helped ALEXANDER secure insurance for his zip line tour.

17. ALEXANDER never compensated EBL for any advice, consultation, expertise, time or effort provided by EBL or Gustafson regarding the installation, operation, and marketing of zip line tours.

18. ALEXANDER benefitted from the services provided by EBL.

19. It is unjust to allow ALEXANDER to retain the benefits of EBL's services in the absence of full compensation.

WHEREFORE, Plaintiff, EXPERIENCE BASED LEARNING, INC., respectfully prays that this Court:

A. Enter judgment against Defendant CHARLIE ALEXANDER in an amount to compensate Plaintiff EBL for the services it performed on behalf of Defendant CHARLIE ALEXANDER, and

B. Provide any other relief which is just and equitable.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS**

EXPERIENCE BASED LEARNING, INC.,
an Illinois corporation, Plaintiff,

BY: RENO & ZAHM, LLP

BY: Craig P. Thomas

Reno & Zahm, LLP
By: Craig P. Thomas (#06202015)
Scott A. Calkins (#20672)
Robert A. Fredrickson (#868469)
2902 McFarland Road, Suite 400
Rockford, IL 61107
(815)987-4050 (Phone)
(815)987-4092 (Fax)