**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| EXPERIENCE BASED LEARNING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    07 C 50217 |
| | ) | |
| CHARLIE ALEXANDER, | ) | Judge Frederick J. Kapala |
| | ) | |
| Defendant. | ) | Magistrate Judge P. Michael Mahoney |

**ANSWER TO AMENDED COMPLAINT**

Defendant, Charlie Alexander ("Alexander"), for his answer to the amended complaint ("complaint") filed by the plaintiff, Experience Based Learning, Inc. ("EBL"), states as follows:

**Jurisdiction and Venue**

1.      The jurisdiction of this court is pursuant to 28 USC § 1332.

**ANSWER:**    Alexander admits that the allegations of the complaint appear to give rise to diversity jurisdiction but specifically denies the factual allegations of the complaint as set forth below.

2.      The Plaintiff, EXPERIENCE BASED LEARNING, INC. (hereinafter "EBL"), provides installation, consultation, training and maintenance services for zip line and canopy tours, is incorporated under the laws of Illinois and has its principal place of business in Winnebago County, Illinois.

**ANSWER:**    Alexander admits the allegations of paragraph 2 of EBL's complaint.

3.      The Defendant, CHARLIE ALEXANDER (hereinafter "ALEXANDER"), is a resident of and a citizen of the State of Colorado and is an owner of Zip Adventures, Inc. which owns and operates Zip Adventures of Vail in Avon, Colorado.

**ANSWER:**    Alexander admits the allegations of paragraph 3 of EBL's complaint.

4.      The amount in controversy in this matter exceeds $75,000.

**ANSWER:**     Alexander denies the allegations of paragraph 4 of EBL's complaint.

5.      Venue is proper based on the venue selection clause in the Service & Confidentiality Agreement entered into by EBL and ALEXANDER on August 29, 2005. A true and correct copy of the Service & Confidentiality Agreement is attached hereto and made a part hereof as Exhibit A.

> **ANSWER:**     Alexander admits that a true and correct copy of the Service & Confidentiality Agreement is attached to the amended complaint as Exhibit A, but is without sufficient knowledge or information to form a belief as to the truth of allegations concerning the legal meaning of Exhibit A.

### Count I - Breach of Contract

1.      EBL is the premier and first installer of zip line tours in the United States. EBL is also the first peer reviewed and accredited zip line tour installer in the United States. EBL has consulted on, installed, and designed zip line tours domestically and internationally.

> **ANSWER:**     Alexander admits that EBL is an installer of zip line tours, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 1 of count I of EBL's complaint.

2.      On or about March 2005, ALEXANDER contacted Steve Gustafson (hereinafter "Gustafson"), President of EBL, regarding EBL's installation services for a zip line tour near Vail, Colorado.

> **ANSWER:**     Alexander admits the allegations of paragraph 2 of count I of EBL's complaint.

3.      From about April 10, 2005 to April 12, 2005 Gustafson visited ALEXANDER's proposed canopy tour site near Vail, Colorado, referred to as the "Beano Cabin" site. This site visit included Gustafson walking the proposed area of the canopy tour to select and evaluate trees, measuring distances and heights for the zip line, surveying the topography, assisting in the design of the course, and consulting with ALEXANDER on the details of the project.

**ANSWER:**   Alexander admits the allegations of paragraph 3 of count I of EBL's complaint.

4.     On August 29, 2005, EBL and ALEXANDER entered into the Service & Confidentiality Agreement which provided ALEXANDER and one of his staff the opportunity to attend an EBL zip line tour installation.

**ANSWER:**   Alexander admits that he signed the Service & Confidentiality Agreement and that a copy of that agreement is attached to the amended complaint as Exhibit A. Alexander denies any allegations that are inconsistent with the express terms of the agreement.

5.     The Service & Confidentiality Agreement allowed ALEXANDER and his staff member to "become familiar with the workings and protected details of a zip line tour installation project," including access to "EBL staff, EBL clients, material selection, construction design, rational, tensions, calculations, decision rational, and any and all other information and materials, specific to [EBL's] line of business."

**ANSWER:**   Alexander admits that the quoted language is found in Exhibit A, but denies the inference of paragraph 5 of count I of EBL's complaint that he or his staff actually were given access to or copies of any of the information alleged.

6.     From August 29, 2005 to September 12, 2005, ALEXANDER and one of his staff attended an EBL installation of a zip line tour in Hawaii per the Service & Confidentiality Agreement. At that time, ALEXANDER and his staff member were provided by EBL with confidential and proprietary information regarding the installation, operation, and marketing of zip line tours.

**ANSWER:**   Alexander admits that he attended a zip line installation in Hawaii, but denies that he was provided with any confidential or proprietary information as alleged in paragraph 6 of count I of EBL's complaint.

7.     During 2005, Gustafson advised ALEXANDER on how to obtain insurance and assisted ALEXANDER in contacting an insurer with which EBL had a relationship.

**ANSWER:** Alexander admits that Gustafson introduced him to a liability insurance broker/agent, but denies the inference of paragraph 7 of count I of EBL's complaint that any insurance was procured as the result of this introduction.

8.      On or about October 31, 2005, Gustafson sent a letter to the Eagle County Planning Commission on behalf of ALEXANDER and Zip Adventures of Vail in support of ALEXANDER's permit for a zip line course near Vail, Colorado.

**ANSWER:** Alexander admits the allegations of paragraph 8 of count I of EBL's complaint.

9.      On or about May, 25, 2006, ALEXANDER asked Gustafson for information to assist him in obtaining approval from the Colorado Division of Wildlife.

**ANSWER:** Alexander admits that he asked Gustafson for environmental impact information as it relates to wildlife and affirmatively avers that Gustafson was unable to provide any information in response to this request.

10.      Throughout the preparation for the zip line tour installation, EBL shared confidential information and technical requirements for the installation of zip lines with ALEXANDER, including calculations, construction designs, diagrams, and advice on material selection.

**ANSWER:** Alexander denies the allegations of paragraph 10 of count I of EBL's complaint.

11.      ALEXANDER used EBL's name, experience, reputation, and knowledge of zip line tour installation between late 2005 and early 2007, to obtain permits, receive regulatory approval, and obtain insurance.

**ANSWER:** Alexander denies the allegations of paragraph 11 of count I of EBL's complaint.

12.      At ALEXANDER's request, on or about May 11, 2007 or May 12, 2007, Gustafson traveled to and visited a different proposed zip line site near Vail, Colorado, referred to as the "4 Eagle Ranch" site. This site visit included Gustafson walking the proposed area of the zip line tour,

positioning and re-position [sic] stakes, marking the location of zip lines, and consulting with ALEXANDER on the details of the project.

> **ANSWER:** Alexander admits that he asked Gustafson to visit and review Alexander's design of a zip line tour at the "4 Eagle Ranch" site in Colorado, but denies the remaining allegations contained in paragraph 12 of count I of EBL's complaint.

13.    On May 22, 2007, Gustafson sent ALEXANDER a proposal and a Contract/Service Agreement for the work to be performed by EBL at the 4 Eagle Ranch site. The proposal and the Contract/Service Agreement quoted the price for installation of $118,883.35, plus 5% of gross receipts, and payment of certain expenses.

> **ANSWER:** Alexander admits the allegations of paragraph 13 of count I of EBL's complaint.

14.    ALEXANDER did not execute the Contract/Service Agreement.

> **ANSWER:** Alexander admits the allegations of paragraph 14 of count I of EBL's complaint, and affirmatively avers that he did not execute the Contract/Service Agreement, because he did not agree to any of EBL's proposed terms, including the quoted price and the proposal for payment of 5% of gross receipts in perpetuity.

15.    ALEXANDER caused the installation of a zip line tour at the 4 Eagle Ranch site and in doing so retained vendors to assist him, including a vendor to inspect the course and train his staff for operations. However, ALEXANDER did not retain EBL as a vendor for the installation of the zip line tour at the 4 Eagle Ranch site.

> **ANSWER:** Alexander admits that he "caused the installation of a zip line tour at the 4 Eagle Ranch site" and that he retained contractors and subcontractors to assist him with the project. Alexander admits that he did not retain EBL as "a vendor for the installation of the zip line tour at the 4 Eagle Ranch site." Alexander denies the remaining allegations of paragraph 15 of count I of EBL's complaint.

16.     ALEXANDER used EBL's confidential information and other technical information shared by EBL to install its zip line tour at the 4 Eagle Ranch site with another vendor.

**ANSWER:**   Alexander denies the allegations of paragraph 16 of count I of EBL's complaint.

17.     EBL performed all its obligations under the Service & Confidentiality Agreement.

**ANSWER:**   Alexander denies the allegations of paragraph 17 of count I of EBL's complaint.

18.     Defendant ALEXANDER breached the contract by one or more of the following:

a.     ALEXANDER hired a vendor other than EBL for the installation of a zip line tour within three years of the execution of the contract;

b.     ALEXANDER shared confidential information obtained from EBL with a competitor of EBL within three years of the execution of the contract; and

c.     ALEXANDER utilized confidential information obtained from EBL to install the zip line tour at the 4 Eagle Ranch site.

**ANSWER:**   Alexander denies all of the allegations contained in paragraph 18 of count I of EBL's complaint.

## Count II - Quantum Meruit

1.-11.   The Plaintiff, EXPERIENCE BASED LEARNING, INC., restates and re-alleges paragraphs 1-11 of Count I as and for paragraph 1-11 of Count II as though fully set forth herein.

**ANSWER:**   Alexander incorporates by reference his answers to paragraphs 1 through 11 of count I of EBL's complaint as his answer to paragraphs 1 through 11 of count II of EBL's complaint.

12.     In March, 2007, after providing Gustafson with an update on regulatory approval, ALEXANDER confirmed that he believed construction in June was feasible.

**ANSWER:**   Alexander admits the allegations of paragraph 12 of count II of EBL's complaint.

13.    Thereafter, EBL continue to expend resources to prepare for construction.

**ANSWER:**    Alexander denies the allegations of paragraph 13 of count II of EBL's complaint.

14.    At ALEXANDER'S request, on or about May 11, 2007 to May 12, 2007, Gustafson traveled to and visited a second site near Vail, Colorado, the 4 Eagle Ranch site. This site visit included Gustafson walking the proposed area of the zip line tour; positioning and re-position [sic] stakes; marking the location of zip lines; measuring distances, degrees, angles, and grade percentages; marking line placements; advising on operations, tour flow, and trail systems; and consulting with ALEXANDER on the details of the project.

**ANSWER:**    Alexander admits that he asked Gustafson to visit and review Alexander's design of a zip line tour at the "4 Eagle Ranch" site in Colorado and admits that Gustafson visited the site and made some general recommendations to Alexander, but denies the remaining allegations contained in paragraph 14 of count II of EBL's amended complaint.

15.    ALEXANDER never fully compensated EBL for Gustafson's site visit to the proposed 4 Eagle Ranch site. ALEXANDER only paid for Gustafson's air transportation to and from the site visit. ALEXANDER did not compensate EBL for Gustafson's consultation or reimburse him for the balance of his out of pocket expenses.

**ANSWER:**    Alexander admits that he paid for Gustafson's air transportation to and from the site visit, but denies that he had any contractual or legal obligation to make any further payments to Gustafson and denies the remaining allegations of paragraph 15 of count II of EBL's amended complaint.

16.    ALEXANDER never compensated EBL for the assistance it provided during the regulatory process, for the technical information it provided in anticipation of installing the zip line tour for ALEXANDER, or for the assistance it provided that helped ALEXANDER secure insurance for his zip line tour.

Answer 01(cam)                                    -7-

> **ANSWER:**    Alexander denies the allegations of paragraph 16 of count II of EBL's amended complaint.

17.    ALEXANDER never compensated EBL for any advice, consultation, expertise, time or effort provided by EBL or Gustafson regarding the installation, operation, and marketing of zip line tours.

> **ANSWER:**    Alexander denies the allegations of paragraph 17 of count II of EBL's complaint.

18.    ALEXANDER benefitted from the services provided by EBL.

> **ANSWER:**    Alexander denies the allegations of paragraph 18 of count II of EBL's complaint.

19.    It is unjust to allow ALEXANDER to retain the benefits of EBL's services in the absence of full compensation.

> **ANSWER:**    Alexander denies the allegations of paragraph 19 of count II of EBL's complaint.

## AFFIRMATIVE DEFENSES

For his affirmative defenses to Experience Based Learning, Inc.'s amended complaint, defendant, Charlie Alexander, states as follows:

### First Affirmative Defense

Plaintiff, Experience Based Learning, Inc., has failed to adequately state a claim which, if supported by a showing of any set of facts consistent with the allegations of his complaint, would entitle it to relief. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1969 (2007).

**Second Affirmative Defense**

Plaintiff, Experience Based Learning, Inc.'s Service & Confidentiality Agreement (Exhibit A to its complaint) is voidable or unenforceable under Illinois law for want of consideration; Experience Based Learning, Inc.'s failure to substantially perform; and lack of a protectable business interest in any confidential or proprietary information.

**Third Affirmative Defense**

Plaintiff, Experience Based Learning, Inc., had no enforceable contract, in law or equity, in 2007, because there was never a meeting of the minds and the offer represented by the agreement sent by Gustafson on May 22, 2007, as alleged in paragraph 13 of count I, above, was expressly rejected in good faith.

For all of the foregoing reasons, defendant, Charlie Alexander, prays this Court for entry of an order dismissing plaintiff, Experience Based Learning, Inc.'s complaint in its entirety and with prejudice.

/s/  Stephen E. Balogh
Stephen E. Balogh
Attorney for defendant,
CHARLIE ALEXANDER
WilliamsMcCarthyLLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone:  (815) 987-8946
Facsimile:  (815) 968-0019
E-mail:  sbalogh@wilmac.com

Answer 01(cam)

## <u>CERTIFICATE OF LAWYER</u>

The undersigned hereby certifies that on December 18, 2007, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Attorney Craig P. Thomas
Reno & Zahm, LLP
2902 McFarland Road, Suite 400
Rockford, IL  61107

   /s/  Stephen E. Balogh
Stephen E. Balogh
Attorney for defendant,
 CHARLIE ALEXANDER
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone:  (815) 987-8946
Facsimile:  (815) 968-0019
E-mail:  sbalogh@wilmac.com